IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARVIN J. PEACOCK,**

       **Plaintiff,**

**vs.**                                        **No. CIV 03-1407 LCS**

**JOANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reverse and Remand Administrative Agency Decision (Doc. 1), filed December 10, 2003. While the procedural history of this case is extensive, the issue before the Court is whether the claimant is entitled to a trial work period, and thus, whether the amount of his assessed overpayment was correct. This matter comes before this Court pursuant to 28 U.S.C. § 636(c). The United States Magistrate Judge, having considered the Motion, briefs, administrative record, and applicable law, finds that this Motion is not well-taken and should be **DENIED**.

    **I.**        **STANDARD OF REVIEW**

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *Hamilton v. Sec'y of Health & Human Svcs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## II.     PROCEDURAL HISTORY

Plaintiff, now 52 years old, filed his application for disability insurance benefits on December 12, 1990, alleging disability commencing on January 14, 1990. (R. at 56). Plaintiff's application for supplemental security income was denied at the initial level (R. at 63) and at the reconsideration level. (R. at 67). Plaintiff appealed the denial of his application by filing a Request for Hearing by Administrative Law Judge. (R. at 67).

The record before me does not contain evidence that a hearing took place before an administrative law judge. However, a report by disability examiner Dr. H.K. Peacock, dated March 13, 1991, found that Plaintiff was unable to work at the present time and would most likely never be able to return to his past relevant work. (R. at 136-137). Plaintiff was found to be disabled on April 29, 1991, with an onset of disability on September 11, 1990.[1]  (R. at 583).

Mr. Peacock underwent a continuing disability review in October of 1992 (R. at 147-150) and again in August of 1993. (R. at 151-158). The record contains information, gathered in August of 1993, indicating that the Plaintiff had been working for the past three years. (R. at 159). Plaintiff however, explained that he had not engaged in work activity since August of 1991 and was not self-employed, despite evidence to the contrary. (Id.)

An FBI report, dated July 19, 1994 further indicated that Plaintiff had been working during the time he was receiving disability insurance benefits. (R. at 165-166). Mr. Peacock advised the FBI that he knew what he was doing was wrong, but that he felt justified in so doing because he believed his back could give out at any time, rendering him unable to work  (Id.)

---

[1] The record before me does not contain documents pertaining to when claimant was found to be disabled. For this information, I rely on the attorney's briefs as well as the information provided by ALJ Lunderman in her 2003 opinion.

Plaintiff further advised the FBI that he would contact the Social Security Administration so that his payments and benefits could be recalculated and that he would make restitution for all overpayments. (Id.) Also at this time, Plaintiff requested a suspension of his benefits pending investigation of his work activities. (R. at 584).[2]

Mr. Peacock again applied for disability insurance benefits in November of 1994, alleging he had become unable to work due to a disabling condition on August 20, 1994. (R. at 188). A Continuance of Disability Determination was filed on November 15, 1994. (R. at 192-193). At that time it was found that Plaintiff continued to be disabled as the severity of his impairments had not decreased. (Id.)

A Special Determination, issued on March 29, 1995, determined that at no point had Mr. Peacock met the definition of disability. (R. at 211). The Administration further determined that Plaintiff was not entitled to a period of disability and that all benefits paid constituted overpayment. (Id.) Mr. Peacock was noted to have pleaded guilty to making false statements to the government and to have admitted committing fraud. (Id.)

A Presentence Investigation Report was issued on May 26, 1995 in the case styled, *United States of America v. Marvin Jarrell Peacock*, CR 94-53-M-CCL. Plaintiff was sentenced in the United States District Court for the District of Montana on May 31, 1995 to a term of thirty-six (36) months probation. (R. at 492-494). Additionally, Plaintiff was ordered to pay restitution in the amount of $61,087.00. (Id.) This payment was to be subject to a nine-month period in which the Social Security Administration was to determine whether this amount should be reduced.

---

[2] The record does not contain evidence of Plaintiff's request for suspension of benefits. For this information, I rely on the report of ALJ Lunderman.

(Id.) A certificate of release of lien was issued on July 20, 1995. (R. at 457). A satisfaction of monetary judgment in the above case was also filed on July 20, 1995. (R. at 458).

Plaintiff's second application for disability insurance benefits was denied at the initial level on July 31, 1995. (R. at 227-230). Plaintiff filed a request for reconsideration on August 7, 1995 (R. at 231), which was also denied. Following this denial, Plaintiff filed a request for hearing by Administrative Law Judge. (R. at 237). Attorney Jeffrey Diamond was retained to represent Mr. Peacock on January 3, 1996. (R. at 28). On March 29, 1996, the ALJ issued a decision that was fully favorable to Plaintiff. (R. at 463-464).

On May 30, 1997, Plaintiff filed a request for reconsideration with the Social Security Administration on the issue of whether he was entitled to a trial work period, which would reduce the amount of restitution owed. (R. at 476). The Social Security Administration denied this request in a letter to claimant in July of 1997, determining that Plaintiff did not qualify for the trial work period provisions. (R. at 481). Plaintiff then filed a request for hearing by an ALJ in October of 1997. (R. at 483). The ALJ issued an unfavorable decision in July of 1998 (R. at 20-26), and this decision was upheld by the Appeals Council. (R. at 1-15?).

Plaintiff thereupon appealed this matter to this United States District Court for the District of New Mexico. The District Court remanded this matter to the Commissioner on January 30, 2002 for a new determination of the amount of the amount of the claimant's overpayment after allowing for a trial work period. *See Walker v. Sec'y of Health & Human Svcs.*, 943 F.2d 1257 (10th Cir. 1991). (R. at 610-620). The Court in *Walker* held that the language of 42 U.S.C. § 422(d) did not suggest that an individual had to be adjudged disabled and actually receiving benefits before being entitled to a trial work period. *Id.* at 1260.

While Plaintiff's case was pending on remand, the United States Supreme Court overturned the *Walker* decision in *Barnhart v. Wilson*, 122 S.Ct. 1265 (2002). Hence, the ALJ issued an unfavorable decision on August 12, 2003, (R. at 581-583) whereupon Plaintiff again appealed the matter to this Court.

**II.   ANALYSIS**

The sole issue before this Court is whether Plaintiff was entitled to a trial work period, and is therefore entitled to an adjustment in the amount of restitution owed as determined by the United States District Court for the District of Montana.

This issue can be resolved through an examination of 42 U.S.C. § 422(c) and 20 C.F.R. §§ 404.1592(d)(2)(iii) and 404.1592(e). Title 42 of U.S.C. § 422(c) indicates that a period of trial work shall begin with the month in which the claimant becomes entitled to disability insurance benefits. The period of trial work shall end with a) the ninth month, in any period of 60 consecutive months, in which the individual renders services; or b) the month in which his disability ceases. *See* 42 U.S.C. § 422(c)(4)(A)-(B).

Plaintiff applied for supplemental disability benefits in December of 1990, claiming a date of onset of disability of January, 1990. Mr. Peacock began work on April 5, 1991. On April 29, 1991, he received a decision determining he had been disabled since September, 1990. Plaintiff relies on 20 C.F.R. § 404.1592(e), which states: "The trial work period begins with the month in which you become entitled to disability insurance benefits", for the proposition that, because he was adjudged disabled on April 29, 1991, he was entitled to begin his trial work period at any time during April, 1991.

However, Plaintiff disregards 20 C.F.R. § 404.1592(d)(2)(iii), cited by the ALJ and by the

5

Supreme Court in *Barnhart v. Walton*, 535 U.S. 212 (2002), as being inapplicable to his case. I disagree with this assessment. 20 C.F.R. § 404.1592(d)(2)(iii) states,

> You are not entitled to a trial work period . . . If you perform work demonstrating the ability to engage in substantial gainful activity within 12 months of the onset of the impairment(s) that prevented you from performing substantial gainful activity and before the date of any notice of determination or decision finding that you are disabled.

According to § 404.1592(d)(2)(iii), Plaintiff is not entitled to a trial work period. The onset of Plaintiff's impairment(s) was adjudged by the Social Security Administration to have occurred in September, 1990. Plaintiff began working on April 5, 1991, within 12 months of the onset of his impairments. Plaintiff also began working prior to the date on which he received notice that he had been found disabled. Therefore, based on the plain language of the regulation, Plaintiff is not entitled to a trial work period.

Plaintiff argues however that the statute authorizing the trial work period, 42 U.S.C. § 422(c), allows the trial work period to begin with the month in which the individual becomes entitled to disability insurance benefits and that Plaintiff is therefore entitled to a trial work period. An examination of the Supreme Court's opinion in *Barnhart v. Walton* however refutes this notion. Although the facts of *Walton* are not analogous to those of the present case, the Supreme Court in *Walton* did discuss the propriety of § 404.1592(d)(2) in light of 42 U.S.C. § 422(c). The Court found that § 422(c) was ambiguous, that interpretation of § 404.1592(d)(2) fell within the agency's discretion, and that the agency's interpretations of the statute fell within its lawful authority. *Walton*, 535 U.S. at 224 (*See also Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)). Specifically, the Court upheld the Social Security Administration regulation providing that a return to work prior to the adjudication of disability

precludes entitlement to a trial work period. *Id.* at 223.

Further, rules of statutory and regulatory construction dictate that interpretation of apparently conflicting provisions should strive for reconciliation of those provisions whenever possible. *Chemical Weapons Working Group, Inc. v. Dep't of Army*, 111 F.3d 1485, 1490 (10th Cir. 1997). If one provision is more general than the other, the specific provision will take precedence over the general. *United States v. Hahn*, 359 F.3d 1315, 1321 (10th Cir. 2004). 20 C.F.R. § 404.1592(e), cited by Plaintiff, does state that "a trial work period begins with the month in which you become entitled to disability insurance benefits." However, § 404.1592(d)(2) is more specific and states that a trial work period cannot begin prior to the notice of a finding of disability. Applying these principles to the present case, a claimant may begin a trial work period in the month in which he receives notice of disability qualification, but may not begin the trial work period prior to notice of qualification. This interpretation gives effect to both regulations and allows the more specific regulation to prevail over the general. Thus, Plaintiff is not entitled to a trial work period pursuant to § 404.1592(d)(2)(iii).

## IV.   CONCLUSION

Upon review of the evidence presented in this Motion to Reverse and Remand for Rehearing, this Court has determined that the Commissioner's decision was supported by substantial evidence and that the ALJ appropriately interpreted the statutes and regulations involved in this matter. Accordingly, Plaintiff's Motion to Reverse and Remand for Rehearing is **DENIED.**

**A JUDGMENT CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**